In the Matter of DOUGLAS MANFORD RASMUSSEN, JR., a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 25, 1991

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr. (Robert P. Guido* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding the respondent was charged with three allegations of professional misconduct. The Special Referee sustained only charges one and three. The petitioner moves to confirm so much of the Special Referee's report as sustained charges one and three, and to disaffirm the report as to charge two.

Charge one alleged that the respondent neglected the duties and obligations imposed upon him as an attorney, in that, in 1982 the respondent was retained to handle two related estate matters and thereafter the client attempted without success to ascertain the status of these matters on several occasions. The client then requested the return of the estate files several times. Despite the respondent's assurances that he would do so, the files were never returned. In June of 1985 the client retained another attorney to represent the estates. The new attorney telephoned the respondent four times to request the files, but these telephone calls were not returned. The new attorney sent the respondent a letter requesting the file but this letter was not answered.

Charge three alleged that the respondent failed to cooperate with the investigation by the Grievance Committee, in that he continually failed to respond to numerous letters and a judicial subpoena duces tecum of this court dated March 24, 1986, and was held in contempt for his refusal to comply with the subpoena. By order of this court dated November 6, 1987, the respondent was sentenced to 10 days in jail and fined $250 for contempt of this court's subpoena duces tecum dated March 24, 1986.

The Special Referee dismissed charge two since no evidence as to that charge was presented by the Grievance Committee.

After reviewing all of the evidence, we are in full agreement with so much of the report of the Special Referee as sustained charges one and three. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted to the extent that it seeks to sustain charges one and three and is otherwise denied.

In determining an appropriate measure of discipline to be imposed, we are mindful of the respondent's failure to cooperate throughout these proceedings and his refusal to attend the

hearing of this matter. Accordingly, the respondent is disbarred forthwith.

MANGANO, P. J., THOMPSON, BROWN, KUNZEMAN and EIBER, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted to the extent that the report is confirmed in its entirety, and the motion is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Douglas Manford Rasmussen, Jr., is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Douglas Manford Rasmussen, Jr., is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.